**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3944
_____

VICTOR WALTHOUR,
                                        Appellant

v.

JUDGE JOHN W. HERRON; PAUL FELDMAN;
LINDA K. HOBKIRK; PNC BANK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-02162)
District Judge:  Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2017
Before:  GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: November 16, 2017)
_____

OPINION[*]
_____

PER CURIAM

Victor Walthour appeals pro se from the District Court's order dismissing his

complaint.  For the following reasons, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

On March 24, 2010, the Honorable John W. Herron of the Court of Common Pleas of Philadelphia, Orphans' Court Division, entered an order terminating Walthour as guardian of his incapacitated wife's person and estate. Disappointed with this result, Walthour sued Judge Herron in federal court, alleging that he had violated various federal criminal and civil statutes by interfering with his guardianship rights. Judge Herron moved to dismiss the complaint for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The District Court granted the motion, concluding that: the criminal statutes Walthour invoked do not provide a private cause of action; he had not pleaded the elements of a conspiracy under 42 U.S.C. §§ 1985 or 1986, or a violation of the Fair Housing Act under § 3631; he cannot obtain damages against Judge Herron in his official capacity under § 1983; and, lastly, Judge Herron was immune from suit under § 1983 in his personal capacity. Walthour v. Herron, E.D. Pa. Civ. No. 10-cv-1495 (order entered May 6, 2010).

Walthour then commenced a second action in the District Court against Judge Herron concerning the March 24, 2010 guardianship order. This time, Walthour claimed that the judge had violated his right under the Fourteenth Amendment to make medical decisions for his wife. Walthour asked the District Court to preclude Judge Herron from making any future decisions about his wife, and demanded that he be charged $10,000 per day until he reappoints Walthour as her guardian. The District Court dismissed this complaint for failure to state a claim as well, concluding that Judge Herron was immune

2

from suit under the Eleventh Amendment and the doctrine of judicial immunity. Walthour v. Herron, E.D. Pa. No. 11-cv-1690 (order entered Apr. 7, 2011).

In January 2013, Walthour filed a third complaint against Judge Herron based on the March 24, 2010 guardianship order. Walthour also challenged Judge Herron's decision to sell Mrs. Walthour's residence. By way of relief, Walthour sought reversal of Judge Herron's orders and asked that he be removed from all future estate proceedings. The District Court dismissed this complaint on the same grounds as the last, and also determined that the claims therein were now barred by the doctrine of res judicata. Walthour v. Herron, E.D. Pa. Civ. No. 13-cv-112 (order entered Apr. 2, 2013).

Next, in December 2015, Walthour filed a complaint against three other parties allegedly involved in managing Mrs. Walthour's estate: PNC Bank, the trustee of the estate; Linda Hobkirk, her new guardian; and Paul Feldman, Esquire, whose role in the matter remains unclear. Walthour claimed that these defendants had conspired with Judge Herron to remove him as guardian; had "breached his trust"; and had falsified documents. The District Court dismissed this complaint as well, concluding that these defendants were not state actors under § 1983; Walthour's claims were time-barred; the court lacked jurisdiction to review and reject a state-court judgment; and Walthour had not asserted a basis for diversity jurisdiction. Walthour v. Feldman, E.D. Pa. Civ. No. 15-cv-6643 (order entered Dec. 23, 2105).

Walthour then filed the complaint at issue here, this time naming all four defendants at once. Walthour continued to argue that Judge Herron and the other defendants had violated his constitutional right to make medical and financial decisions

3

on his wife's behalf, specifically citing 18 U.S.C. §§ 241 and 242, the Privileges and Immunities Clause, and the First, Ninth, and Fourteenth Amendments. Walthour also claimed that Judge Herron's March 24, 2010 order constituted a "court-ordered kidnapping."[1]

Judge Herron and Attorney Feldman moved to dismiss the complaint pursuant to Rule 12(b)(6). Upon consideration of these motions, and pursuant to its duty to review the complaint under 28 U.S.C. § 1915(e)(2)(B), the District Court determined that Walthour's claims were barred by the doctrine of res judicata, and that this—his fourth—complaint was frivolous, malicious, and designed to harass the defendants. Accordingly, by opinion and order entered September 22, 2016, the District Court dismissed the complaint as to all parties.[2] The District Court also advised Walthour that he was precluded from commencing any additional federal actions absent leave of court.[3] Walthour now appeals from the District Court's order dismissing his complaint.

II.

---

[1] While his complaint was pending, Walthour filed several motions for a preliminary injunction. The District Court denied these motions in its order dismissing the complaint. Walthour does not challenge this ruling on appeal.

[2] While Judge Herron's and Attorney Feldman's motions were pending, PNC Bank filed its own motion to dismiss. Having already dismissed the complaint against all parties, the District Court denied the motion as moot. Walthour does not challenge this ruling on appeal.

[3] Walthour sought reconsideration, but the District Court denied the request. Walthour does not challenge this ruling on appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of the complaint for failure to state a claim. AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir. 2006).

We will affirm the District Court's judgment, as Walthour's complaint was plainly barred by principles of res judicata. The doctrine of res judicata, or claim preclusion, bars a suit where there has been: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). Those factors are satisfied here, given that the District Court has previously dismissed the same allegations against the same defendants for failure to state a claim. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981). To the extent that Walthour raised any new legal theories in this complaint, he clearly could have presented them in a previous complaint; thus, any such claim is barred. See Churchill v. Star Enters., 183 F.3d 184, 195 (3d Cir. 1999).

## III.

Accordingly, we will affirm the District Court's judgment. Appellee PNC Bank's motion to dismiss is denied as moot.

5